UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITMAN JESUS NARVAEZ VELASQUEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-04835 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Whitman Jesus Narvaez Velasquez filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 7. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States on February 11, 2023 under the Venezuelan Humanitarian Parole program. *Id*. at 4; Dkt. No. 8-1 at 2. Petitioner was subsequently paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* Dkt No. 8-1 at 2; Dkt. No. 8-2 at 1; Dkt. No. 8 at 1. After his release, Petitioner was granted temporary protected status by USCIS, applied for asylum, was granted work authorization by USCIS through 2029, and began working as a driver to support his family. Dkt. No. 1 at 4; Dkt. No. 8-1 at 2. On March 11, 2026, Petitioner was convicted for driving under the influence, and ordered to complete a four-day sentence in county jail. Dkt. No. 1 at 4; Dkt. No. 8-1 at 2. ICE officers arrested Petitioner at Utah County jail following his release from his four-day sentence. Dkt. No. 8-1 at 2.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, to justify revocation of his release and continued detention. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention without providing a bond hearing is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an opposition arguing (1) that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2), and (2) that his recent DUI conviction, and ICE's encounter of him at county jail, justified revocation of his release. *See* Dkt. No. 8. Respondents' first argument has been rejected by countless courts throughout this circuit finding that application of §1225(b)(2) does not erase a parolee's liberty interest. *See, e.g.*, *R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of § 1225); *Noori*, 807 F. Supp. 3d at 1168 (finding § 1225 inapplicable because petitioner was no longer an "arriving alien" and had been paroled into the country). The Court

agrees that Petitioner is still entitled to due process protections in light of his parole status.

As to Respondents' second argument, the Court finds that the appropriate relief to remedy the due process violation here is a post-deprivation, rather than pre-deprivation custody hearing given that ICE arrested Petitioner while he was in county jail following a DUI conviction. "Respondents have viably alleged that Petitioner's re-detention was precipitated by a changed circumstance arguably indicating that Petitioner is a threat to public safety." *Calvillo v. Chestnut*, No. 1:26-CV-00569-DC-CSK (HC), 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026). As the Government's asserted justification for Petitioner's re-detention "are not obviously pretextual" and "there is a dispute of fact as to whether Petitioner [] violated the terms of his parole" the proper remedy is "prompt, post-deprivation process" rather than immediate release. *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are ORDERED to provide Petitioner with a bond hearing within seven (7) days before an immigration judge, at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner shall be released if the Government fails to make such a showing. Petitioner shall be allowed to have his counsel present, and may request to continue the hearing to a later date.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 1, 2026

VINCE CHHABRIA
United States District Judge